*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 20-BG-182

IN RE PHILIP B. ZIPIN, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 367362)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(DDN 198-18)

(Decided: April 23, 2020)

Before FISHER, THOMPSON, and McLeese, *Associate Judges*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1(d) regarding the appropriate citation of this opinion.

In this disciplinary matter, the Ad Hoc Hearing Committee (the Committee) recommends approval of a petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1(c). The petition is based on Respondent's voluntary acknowledgment that Respondent failed to provide competent representation and communicate a conflict of interest to his client.

Respondent acknowledged that he failed to (1) provide competent representation, (2) serve his client with skill and care, (3) act with diligence and zeal, (4) act with reasonable promptness, and (5) notify his client of a potential conflict of interest. Additionally, Respondent's actions interfered with the administration of justice. As a result, Respondent violated D.C. Rules of Professional Conduct 1.1(a), 1.1(b), 1.3(a), 1.3(c), 1.7(b)(4), and 8.4(d). The proposed discipline is a sixty-day suspension stayed in favor of one year of unsupervised probation.

Having reviewed the Committee's recommendation in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree this case is appropriate for negotiated discipline and the proposed disposition is not unduly lenient or inconsistent with dispositions imposed for comparable professional misconduct. Accordingly, it is

ORDERED that Respondent Philip B. Zipin is hereby suspended from the practice of law for sixty-days stayed in favor of one year of unsupervised probation. Respondent shall not engage in any misconduct in this or any other jurisdiction. If Disciplinary Counsel has probable cause to believe Respondent has violated the terms of his probation, Disciplinary Counsel may seek to revoke it, *see* D.C. Bar R. XI, § 3 and D.C. Board R. 18.3, and request he serve the entire suspension. Additionally, if Respondent's probation is revoked and the suspension imposed, we

direct Respondent's attention to D.C. Bar R. XI, § 14(g) requiring the filing of an affidavit with this court in order for the suspension to be deemed effective for purposes of reinstatement.

*So ordered.*